IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PAUL LEWIS RIBB, § | |
|            Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:06-CV-831-A |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|            Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Paul Lewis Ribb, #1308186, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in a pre-parole transfer facility in Mineral Wells, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. FACTUAL AND PROCEDURAL HISTORY

On April 1, 2004, Ribb pled guilty to felony driving while intoxicated in cause number F-

2003-1805-E in the 367th Judicial District Court of Erath County, Texas, and was sentenced to ten years' confinement and a $1,500 fine, the sentence probated for ten years. (State Habeas R. at 53-55.) The state later moved to revoke Ribb's probation, and, on May 19, 2005, the trial court revoked his probation and sentenced Ribb to three years' imprisonment. (*Id.* at 58.) Although eligible for mandatory supervision release, on July 26, 2006, the Texas Board of Pardons and Paroles (the Board) denied Ribb release to mandatory supervision pursuant to § 508.149(b).[1,2] (*Id.* at 46.) Ribb's next review date was set for July 2007. (*Id.*) Ribb filed this federal petition for writ of habeas corpus on November 24, 2006.[3]

---

[1]Section 508.149(b) provides:

>    (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
>> (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>
>> (2) the inmate's release would endanger the public.

TEX. GOV'T CODE ANN. § 508.149(b).

[2]The Board cited the following reasons for its denial: (1) the record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; (2) the record indicates that the inmate's release would endanger the public; (3) the record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; (4) the record indicates excessive drug or alcohol involvement which included possession, use or delivery in the instant offense or criminal history; (5) the record indicates unsuccessfully periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration; and (6) DWI-accident involved. (State Habeas R. at 46.)

[3]A pro se habeas petition is considered filed when the petition is delivered to the prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

D.  ISSUES

Ribb argues that the Board's denial of his release to mandatory supervision pursuant to § 508.149(b) violates his constitutional due process rights.[4]  (Pet'r Memorandum at 7-27.)

E.  RULE 5 STATEMENT

Quarterman believes that Ribb has sufficiently exhausted his state remedies as to the claims presented and as required by 28 U.S.C. § 2254(b).  (Resp't Answer at 3.)  28 U.S.C. § 2254(b), ©.

F.  DISCUSSION

Ribb claims that TDCJ violated his constitutional due process rights by denying his release to mandatory supervision.  A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief.  *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998).  A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence.  *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  Nevertheless, the Texas mandatory supervision scheme creates a constitutional expectancy of early release entitled to due process protection.  *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000).  In light of the liberty interest created by the statute, the Texas Court of Criminal Appeals has determined that, under these circumstances, constitutional due process requires that an eligible

---

[4]Ribb acknowledges that Texas inmates have no constitutionally protected right to parole because the relevant Texas statutes, past and present, do not create a protectible liberty interest which would implicate constitutional considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995)

inmate be provided timely notice that he will be considered for mandatory supervision release and a meaningful opportunity to be heard–i.e., an opportunity to tender or have tendered to the Board information in support of release. *Ex parte Geiken*, 28 S.W.3d at 559-60. Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Id.* at 560. In a later opinion, the state court determined that the notice requirement requires the Board to inform the inmate of the specific month and year he will be reviewed. *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004).

On April 18, 2006, Ribb was notified that the Board would initially review his file for discretionary mandatory supervision release thirty days before his projected release date of August 16, 2006. (Resp't Answer, Exhibit A at 1.) He was informed that if he wished to submit any additional information, he should do so in writing before July 2, 2006, to the Parole Division. (*Id.*) Thereafter, on July 26, 2006, the Board decided to deny Ribb discretionary mandatory supervision release and notified him of its decision, the reasons for its decision, and that his case would be reviewed again in July 2007. (*Id.*, Exhibit A at 2.) Accordingly, as a matter of state and constitutional law, Ribb was afforded all the due process he was entitled.

Ribb also claims that the Board has shown no evidence that his accrued good conduct time is not an accurate reflection of his potential for rehabilitation or that his release would endanger the public, given that he has satisfactorily served his sentence, he is a low-risk offender, and his status is not an endangerment to the public. (Pet'r Memorandum at 25.) Ribb has not demonstrated that the Board's decision was contrary to clearly established federal law or otherwise unreasonable in light of his two previous convictions for driving while intoxicated.

4

## II. RECOMMENDATION

Ribb's petition should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 15, 2007. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 15, 2007, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 29, 2007.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE